**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Freddie Lee Ervin,                             )<br>                                                        )<br>                          Petitioner,        )<br>                                                        )<br>vs.                                                 )<br>                                                        )<br>United States of America,                  )<br>                                                        )<br>                          Respondent.    )<br>_____)  | Civil Action No.: 4:03-02348-CWH<br><br><br><br><br>**ORDER** |

On July 16, 2003, pursuant to 28 U.S.C. §2255, the petitioner commenced this pro se action to vacate, set aside, or correct his guilty plea and sentence. On June 23, 2006, the government moved for summary judgment. On June 23, 2006, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On August 2, 2006, the petitioner filed his opposition to the government's motion for summary judgment. This matter is now before the Court for disposition.

On April 19, 2001, a grand jury charged the petitioner in a two-count indictment with conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, commonly known as crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The petitioner pled guilty to Count 1. On July 1, 2002, the Court sentenced the petitioner to 292 months confinement followed by 5 years of supervised release. On July 18, 2002, judgment was entered. The petitioner did not appeal.

In his §2255 motion the petitioner claims the following grounds of error: (1) the government acted in bad faith by not filing a 35(b) motion and (2) trial counsel was ineffective. The petitioner alleges that the government promised him a Rule 35(b) departure downward in

exchange for his assistance.  The plea agreement, however, did not contain an unconditional promise to make a motion for downward departure; rather, the government agreed to deem whether the petitioner's cooperation had been substantial assistance and, if so, to make a downward departure motion.  See United States v. Dixon, 998 F.2d 228, 230-31 (4th Cir. 1993).  Where the government retains its discretion regarding whether to make a substantial assistance motion, there is "no enforceable promise" because the plea agreement "explicitly reserv[ed] discretion rather than promising anything."  United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994).  The petitioner's claim that he assisted the government does not automatically entitle him to a departure downward.  Under these circumstances, the petitioner is not entitled to compel the government to file a Rule 35(b) motion on his behalf unless he can show that the government's refusal to make such a motion was based on an unconstitutional motive, or was not rationally related to any legitimate government objective.  *See* Wade v. United States, 504 U.S. 181, 185-86 (1992).  The petitioner has failed to do so, and his claim is without merit.

The petitioner claims that trial counsel was ineffective because: (1)  counsel failed to file an appeal as the petitioner requested; (2) the petitioner's criminal history points were improperly calculated; and (3) the Court erred in sentencing the petitioner.

In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so

> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second, the
> defendant must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable.  Unless a defendant makes both showings, it
> cannot be said that the conviction . . . resulted from a breakdown in
> the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness.  Id. at 687-88.  Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.

In addition to establishing that counsel was deficient, the petitioner must show prejudice.  The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985).  With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

The petitioner claims that his trial counsel failed to file an appeal despite the petitioner's request that he do so.  In his affidavit, defense counsel states that the petitioner never asked him to file an appeal.  A Court should use the framework provided by Strickland v. Washington when evaluating a claim of whether counsel was constitutionally ineffective for failing to file a notice of appeal.  Roe v. Flores-Ortega, 528 U.S. 470 (2000).  "To establish a Sixth Amendment

violation based upon counsel's failure to appeal, [a petitioner] must prove that (1) counsel was ineffective and (2) a reasonable probability that, but for counsel's ineffectiveness, an appeal would have been filed." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (*citing* Roe v. Flores-Ortega, 528 U.S. 470, 477-83 (2000)). "A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Moreover, a defendant who instructs counsel to file an appeal has "objectively indicated his intent to appeal" and is entitled to an appeal without showing it would have had merit. Flores-Ortega, 528 U.S. at 485 (*citing* Rodriquez, 395 U.S at 330).

If the petitioner can show that he instructed counsel to file an appeal and that counsel failed to do so, deficiency is shown, prejudice is presumed, and the petitioner need not introduce any additional evidence to demonstrate that but for counsel's errors he would have chosen to appeal. Here, the petitioner cannot make this showing. Although the petitioner alleges in his petition that counsel failed to file an appeal, this scant allegation is legally insufficient to create a triable issue of fact when viewed in conjunction with other facts in the record.

First, the petitioner entered into a plea agreement with the government. The petitioner pled guilty to Count 1 of the indictment, and the Court granted the government's motion to dismiss Count 2.

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the [petitioner] seeks to end judicial proceedings. Even in cases where the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for.

Flores-Oretega, 528 U.S. at 480.

Second, the petitioner does not specify which issues he wanted to appeal. "Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal." Id. The issues raised in the petitioner's 2255 motion are without merit. Despite the fact that a petitioner need not show that his appeal would have had merit, the Court considers the fruitfulness of an appeal to be a factor that weighs in its determination of whether the petitioner in fact instructed counsel to file an appeal in the first place. Id. at 477, 480.

Fourth, in his affidavit, counsel refutes the petitioner's contention:

> [T]he petitioner's allegation that I did not file an appeal on his behalf as instructed is not correct. The petitioner advised me that since he [pled] guilty there was no desire to appeal and he would put his hopes in having his sentence reduced under Rule 35(B) for his forthcoming substantial assistance.

Counsel consulted with the petitioner concerning an appeal, but the petitioner decided not to appeal. The Court therefore finds that the petitioner's allegation alone is insufficient to overcome the indications in the record that counsel's affidavit correctly states the facts; namely, that the petitioner did not request counsel to file an appeal.

The petitioner claims that his trial counsel was ineffective for failing to object to the petitioner's criminal history points. The petitioner claims that he should not have received criminal history points for the misdemeanors set forth in Paragraphs 43 through 45 of his presentence report because he was not represented by counsel in state court. This argument is without merit. The Supreme Court has held that "the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." Scott v. Illinois, 440 U.S. 367, 373-74. Therefore, a defendant charged

with a misdemeanor is entitled to counsel where the defendant is sentenced to a term of imprisonment.  "[W]here no sentence of imprisonment is imposed, a defendant charged with a misdemeanor has no constitutional right to counsel."  Nichols v. United States, 511 U.S. 738, 743 (1994).  "[A]n uncounseled misdemeanor conviction, valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction."  Nichols v. United States, 511 U.S. 738, 749 (1994).  The petitioner was not sentenced to prison for any of the misdemeanors set forth in Paragraphs 43 and 45.  The petitioner was not assessed any criminal history points for the misdemeanor set forth in Paragraph 44.  The petitioner fails to show prejudice and is not entitled to relief on this claim.

The petitioner claims that trial counsel was ineffective for failure to object to the Court's sentence under Apprendi and Booker.  The petitioner claims that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).  This claim is without merit.  The Supreme Court held in Apprendi that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. at 490.  In contrast, "a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum)" does not implicate Apprendi concerns.  Harris v. United States, 536 U.S. 545, 557 (2002)(plurality opinion)(distinguishing Apprendi and upholding rule in McMillan v. Pennsylvania, 477 U.S. 79 (1986)) (majority opinion)(holding that, under McMillan, a judge may make determinations beyond facts alleged in the indictment or submitted to jury, which raises minimum sentence).

No Apprendi argument can be sustained on these facts.  Under Apprendi, the petitioner cannot claim error, because 21 U.S.C. § 841(b)(1)(A)(iii) prescribes that "any person . . . [in

violation of] subsection (a) . . . involving . . . 50 grams or more of [crack cocaine] shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." See United States of America v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001). Here, the petitioner's sentence of 292 months imprisonment does not exceed the statutory maximum. Therefore, petitioner's Apprendi claim is without merit.

The petitioner claims that his sentence violates United States v. Booker, 543 U.S. 220 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 225. Subsequent to the decision in Booker, the Fourth Circuit ruled that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. The petitioner's sentence became final in 2002 "before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id. This § 2255 action is an attempt to collaterally attack his final conviction and sentence. Booker, therefore, is inapplicable to this case. The petitioner has not shown prejudice, and he is not entitled to relief on this claim.

The Court determines that the government is not required to make a 35(b) motion and that the petitioner was properly sentenced. The Court finds that the petitioner's affidavit alone is insufficient to overcome the indications in the record that counsel's affidavit correctly states the facts; namely, that the petitioner did not request counsel to file an appeal. Trial counsel's failure to object to the foregoing issues does not constitute ineffective assistance of counsel. The Court hereby grants the government's motion for summary judgment. All remaining motions are

rendered moot.


**AND IT IS SO ORDERED**.


_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**


August 22, 2006
Charleston, South Carolina